NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SHAWN PATRICK KYLE, *Appellant.*

No. 1 CA-CR 22-0341
FILED 4-20-2023

Appeal from the Superior Court in Yavapai County
No. V1300CR201680109
The Honorable Thomas K. Kelly, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Willison Law PC, Prescott
By Stephanie Ann Willison
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Michael J. Brown and Judge Michael S. Catlett joined.

**M c M U R D I E**, Judge:

**¶1**         Shawn Patrick Kyle appeals his conviction of misconduct involving weapons and the resulting sentence. Kyle's counsel filed a brief per *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous. Kyle was allowed to file a supplemental brief but did not do so. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Kyle's conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         In February 2016, police officers tried to execute an arrest warrant for Kyle. Kyle was seated in a parked car, which he refused to exit. The officers sent a canine into the car to make Kyle exit. Kyle responded by picking up an axe inside the car and striking the canine. Kyle had prior felony convictions that prohibited him from legally possessing a deadly weapon.

**¶3**         The State charged Kyle with two counts of misconduct involving weapons, both Class 4 felonies. Before the trial, the State dismissed the second count. The State presented testimony from four police officers, and Kyle testified.

**¶4**         The jury convicted Kyle. In the aggravation phase, the jury found that Kyle committed the offense while released on bond for another case. The court considered Kyle's mitigation evidence of family support. It sentenced Kyle to the presumptive term of ten years' imprisonment, plus the statutorily required two years' imprisonment for the aggravating factor. The court ordered the sentence to run consecutively to Kyle's 2014 case and concurrently with Kyle's 2016 and 2017 cases.[1] Kyle received zero

---

[1]      *See* V1300CR2014480531; V1300CR201680108; V1300CR201780538.

presentence incarceration credit because the court applied Kyle's time served in V1300CR2014480531. Kyle appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

**¶5**       We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

**¶6**       Kyle was present and represented by counsel at all critical stages of the proceedings against him. The record reflects the superior court afforded Kyle all his constitutional and statutory rights and conducted the proceedings following the Arizona Rules of Criminal Procedure. The court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdict. Kyle's sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶7**       Kyle's conviction and sentence are affirmed. After the filing of this decision, defense counsel's obligations pertaining to Kyle's representation in this appeal will end after informing Kyle of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED:     AA

3